IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:11CV987-WKW |
| | ) |
| DALE COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on January 12, 2012, the court allowed plaintiff until January 23, 2012, either to pay the civil action filing fee or renew her motion for leave to proceed *in forma pauperis* with a completed AO Form 239, because it appeared that plaintiff had failed to advise the court of the existence of a checking account containing funds for "emergency" use. (Doc. # 17). In a motion filed on January 18, 2012, plaintiff insists that she "can not pay filing fees" and argues that the checking account "is for emergencies use as the Plaintiff filed on the Plaintiff IPS." (Doc. # 18).[1] While plaintiff states that she intends to sue the defendants at a later date, she asks that the court dismiss her complaint without prejudice at this time. (Id., p. 2).

A plaintiff's motion for voluntary dismissal, when voluntary dismissal is no longer available to the plaintiff as of right, is governed by the provisions of Fed. R. Civ. P. 41(a)(2).

---

[1] As the court noted in its previous order, plaintiff did not disclose the existence of the emergency account in the IFP motion she filed in this case.

"The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. The rule allows the plaintiff to withdraw his action from the court without prejudice to future litigation." LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976).  "A district court considering a motion for a dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986).  "The purpose of the rule 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" Id. (quoting Alamance Industries, Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir.), cert. denied, 368 U.S. 831 (1961)).

"'[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result.'" Pontenberg v. Boston Scientific Corporation, 252 F.3d 1253, 1255 (11th Cir. 2001)(citing McCants, *supra*, 781 F.2d at 856-57)(emphasis in McCants); see also Fisher v. Puerto Rico Marine Management, Inc., 940 F.2d 1502, 1502-03 (11th Cir. 1991)(observing that "in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit").  In Pontenberg, the Eleventh Circuit upheld the district court's dismissal without prejudice on plaintiff's motion pursuant to Rule 41(a)(2), where plaintiff's motion was filed after the expiration of the discovery period and after defendant had filed a motion for summary judgment.  The court

found no legal prejudice in the fact that the litigation had proceeded to the summary judgment stage. The present case has been pending for only two months, and it was stayed a mere three days after defendants answered. (See Docs. ## 16, 17). No counterclaim is pending. Plaintiff's motion to dismiss without prejudice is, accordingly, due to be granted.

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's motion to dismiss this action be GRANTED and that this action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Additionally, it is ORDERED that: (1) the STAY previously entered in this matter is LIFTED; and (2) to the extent that plaintiff's motion seeks recusal of the undersigned Magistrate Judge or reconsideration of the court's order denying plaintiff's motion to proceed *in forma pauperis*,[2] the motion is DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before February 3, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

---

[2] Plaintiff's motion is styled, "MOTION OF HARDSHIP AFFIDAVIT AND CONSIDERATION OF ANOTHER JUDGE BE ASSIGN TO COMPLAINT BASE ON THE MISTAKES WHICH HAVE BEN MADE OF VOLATION OF ALABAMA LAWS DISMISS WITHOUT PREJUDICES PLAINTIFF COMPLAINT BECAUSE PLAINTIFF IS NOT SURE IF THE DEFENDANT WAS SERVED WITH NOTICE TO SUE THE PLAINTIFF HAS SIX MONTHS TO SERVE THE DEFENDANT NOTIC TO SUE UNTIL FEBRUARY 12, 2012[.]" (Doc. # 18, p. 1)(errors in original).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 20th day of January, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE